```
 1  ROGER C. DYER, ESQ./BAR NO. 089455
    ERIC R. DEITZ, ESQ./BAR NO. 222565
 2  WINGERT GREBING BRUBAKER & JUSKIE LLP
    One America Plaza, Seventh Floor
 3  600 West Broadway
    San Diego, CA 92101-3370
 4  (619) 232-8151
    (619) 232-4665 FAX
 5  rdyer@wingertlaw.com
    edeitz@wingerlaw.com
 6
    Attorneys for MARRIOTT INTERNATIONAL, INC., a Delaware Corporation,
 7  d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA
```

## UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE BORDEAUX LABARRE and STEVE LABARRE,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA and DOES 1- 25,<br><br>Defendants. | CASE NO. 11CV2189IEG POR<br><br>Superior Court of California, County of San Diego Case No.: 37-2011-00096924-CU-CR-CTL<br><br>**VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF AND STATUTORY PENALTIES [*CIVIL CODE* §1942.5 - RETALIATORY EVICTION; UNRUH CIVIL RIGHTS ACT; FAIR EMPLOYMENT AND HOUSING ACT AND *BUSINESS AND PROFESSIONS CODE* 17200 ET. SEQ.]**<br><br>Superior Court case filed August 26, 2011<br>CASE NO. 37-2011-00096924-CU-CR-CTL<br><br>JUDGE: IRMA E. GONZALEZ<br>Courtroom 1<br>MAGISTRATE JUDGE: LOUISA S. PORTER<br>Courtroom H |

Defendant, MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA (hereinafter "MARRIOTT"), severing itself from all

1

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

other defendants, hereby answers plaintiffs' Complaint for Damages and other relief as follows:

In answer to the introductory paragraph of the Complaint, MARRIOTT denies the allegations contained therein.

### The Parties

1. Answering Paragraph 1, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

2. Answering Paragraph 2, MARRIOTT denies the allegations contained therein.

3. Answering Paragraph 3, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein regarding plaintiffs' residency, and on that ground denies the same. MARRIOTT denies the remaining allegations of Paragraph 3.

4. Answering Paragraph 4, MARRIOTT admits it is a worldwide operator and franchiser of hotels and related lodging facilities, and admits it manages a hotel and marina known as the SAN DIEGO MARRIOTT MARQUIS AND MARINA, located at 333 West Harbor Drive, San Diego, California, 92101. MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 regarding its "principal address", and on that ground denies the same. MARRIOTT admits it is a Delaware Corporation and does business in the County of San Diego, State of California. MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4, and on that ground denies the same.

5. Answering Paragraph 5, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

6. Answering Paragraph 6, MARRIOTT denies the allegations contained therein.

### Background and Facts

7. Answering Paragraph 7, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

8. Answering Paragraph 8, MARRIOTT lacks knowledge or information sufficient to

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

form a belief about the truth of the allegations contained therein, and on that ground denies the same.

9. Answering Paragraph 9, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

10. Answering Paragraph 10, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

11. Answering Paragraph 11, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

12. Answering Paragraph 12, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

### *The Initial Incident of Discrimination*

13. Answering Paragraph 13, MARRIOTT admits STEVE LABARRE contacted the MARRIOTT in April of 2011 and asked if live-aboard vessels were allowed to dock in the marina. MARRIOTT admits that STEVE LABARRE asked if a slip were available for the plaintiffs' boat at that time. MARRIOTT admits informing STEVE LABARRE that it did accept live-aboard vessels but that a wait list might apply to vessels of a certain size depending on slip availability. MARRIOTT denies the remaining allegations contained in Paragraph 13.

14. Answering Paragraph 14, MARRIOTT denies the allegations contained therein.

15. Answering Paragraph 15, MARRIOTT admits plaintiffs delivered a copy of Exhibit "A" to their Complaint to MARRIOTT. As to the remaining allegations contained in Paragraph 15, MARRIOTT denies the same.

16. Answering Paragraph 16, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

### *More Evidence of Discrimination*
### *And Retaliatory Eviction*

17. Answering Paragraph 17, MARRIOTT admits plaintiffs' boat docked at the MARRIOTT marina on or about July 1, 2011. MARRIOTT denies that it executed a "Lease

3

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

Agreement" with STEVE LABARRE, or that it did not make a copy of any agreement or any rules or regulations available to STEVE LABARRE. MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 17, and on that ground denies the same.

18. Answering Paragraph 18, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

19. Answering Paragraph 19, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

20. Answering Paragraph 20, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

21. Answering Paragraph 21, MARRIOTT admits that Marina Manager Ken Guyer telephoned STEVE LABARRE on July 27, 2011 to schedule a meeting to discuss Sacha Labarre having fallen into the water. MARRIOTT admits that shortly after speaking with STEVE LABARRE by telephone on July 27, 2011, MONIQUE LABARRE called Mr. Guyer, who told her they would speak at the previously scheduled meeting. MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21, and on that ground denies the same.

22. Answering Paragraph 22, MARRIOTT admits that on July 29, 2011, Mr. Guyer met with STEVE LABARRE and MONIQUE LABARRE at his office. MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 22, and on that ground denies the same.

23. Answering Paragraph 23, MARRIOTT denies the allegations contained therein.

24. Answering Paragraph 24, MARRIOTT admits that Mr. Guyer contacted STEVE LABARRE by telephone on or about July 29, 2011. MARRIOTT denies the remaining allegations contained in Paragraph 24.

25. Answering Paragraph 25, MARRIOTT admits that Exhibit "B" to plaintiffs'

4

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

Complaint is a true and correct copy of a letter dated August 1, 2011 from Marina Manager Ken Guyer to STEVE LABARRE giving written notice of the "Termination of Wharfage Contract ("Agreement") between the San Diego Marriott Hotel and Marina ("Marina") and Steve Labarre." MARRIOTT denies the remaining allegations contained in Paragraph 25.

26. Answering Paragraph 26, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and on that ground denies the same.

27. Answering Paragraph 27, MARRIOTT admits a true and correct copy of correspondence from Roger C. Dyer to STEVE LABARRE dated August 11, 2011 is attached as Exhibit "D" to Plaintiffs' Complaint. MARRIOTT denies the remaining allegations of Paragraph 27.

28. Answering Paragraph 28, MARRIOTT admits that Exhibit "E" to plaintiffs' Complaint is a true and correct copy of a letter dated August 23, 2011 from Marina Manager Ken Guyer to STEVE LABARRE regarding "Termination of Wharfage Contract ("Agreement") between the San Diego Marriott Hotel and Marina ("Marina") and Steve Labarre." MARRIOTT denies the remaining allegations contained in Paragraph 28.

### First Cause of Action:
### *FAIR EMPLOYMENT & HOUSING ACT*
### *GOVERNMENT CODE SECTION 12955 et. seq.*

29. Answering Paragraph 29, MARRIOTT incorporates by reference its previous answers to the allegations set forth in Paragraphs 1 through 28 as though fully set forth herein.

30. Answering Paragraph 30, MARRIOTT denies the allegations contained therein.

31. Answering Paragraph 31, MARRIOTT denies the allegations contained therein.

32. Answering Paragraph 32, MARRIOTT admits that on or about July 1, 2011, plaintiffs moved their boat to the MARRIOTT marina. MARRIOTT denies the remaining allegations contained in Paragraph 32.

33. Answering Paragraph 33, MARRIOTT denies the allegations contained therein.

5

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

34. Answering Paragraph 34, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground, denies the same.

35. Answering Paragraph 35, MARRIOTT denies the allegations contained therein.

36. Answering Paragraph 36, MARRIOTT denies the allegations contained therein.

37. Answering Paragraph 37, MARRIOTT denies the allegations contained therein.

38. Answering Paragraph 38, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

39. Answering Paragraph 39, MARRIOTT denies the allegations contained therein.

## Second Cause of Action:

### UNNRUH (sic) CIVIL RIGHTS ACT

### CIVIL CODE §51(B) (sic)

40. Answering Paragraph 40, MARRIOTT incorporates by reference its previous answers to the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

41. Answering Paragraph 41, MARRIOTT denies it is or was an owner of the "San Diego Marriott Marquis & Marina." MARRIOTT admits it makes boat slips within the marina available for use by vessel owners pursuant to a contract for private wharfage. As to the remaining allegations contained in Paragraph 41, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of these allegations, and on that ground denies the same.

42. Answering Paragraph 42, MARRIOTT denies that plaintiffs offered to negotiate to rent boat slip E-37 for their live-aboard boat "on or about April, 2011." As to the remaining allegations contained in Paragraph 42, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of these allegations, and on that ground denies the same.

43. Answering Paragraph 43, MARRIOTT denies the allegations contained therein.

44. Answering Paragraph 44, MARRIOTT admits that it agreed to enter into a contract for private wharfage with STEVE LABARRE, and admits that on or about July 1, 2011, plaintiffs

6

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

1  moved their boat to the MARRIOTT marina. MARRIOTT denies the remaining allegations
2  contained in Paragraph 44.

3      45.    Answering Paragraph 45, MARRIOTT denies the allegations contained therein.

4      46.    Answering Paragraph 46, MARRIOTT denies the allegations contained therein.

5      47.    Answering Paragraph 47, MARRIOTT denies the allegations contained therein.

6      48.    Answering Paragraph 48, MARRIOTT denies the allegations contained therein.

7      49.    Answering Paragraph 49, MARRIOTT lacks knowledge or information sufficient to
8  form a belief about the truth of the allegations contained therein, and on that ground denies the same.

9      50.    Answering Paragraph 50, MARRIOTT denies the allegations contained therein.

10     51.    Answering Paragraph 51, MARRIOTT lacks knowledge or information sufficient to
11 form a belief about the truth of the allegations contained therein, and on that ground denies the same.

### Third Cause of Action:

### *Business & Professions Code 17200, et seq.*

14     52.    Answering Paragraph 52, MARRIOTT incorporates by reference its previous answers
15 to the allegations set forth in Paragraphs 1 through 51, as if fully set forth herein.

16     53.    Answering Paragraph 53, MARRIOTT denies the allegations contained therein.

17     54.    Answering Paragraph 54, MARRIOTT denies the allegations contained therein.

18     55.    Answering Paragraph 55, MARRIOTT denies the allegations contained therein.

19     56.    Answering Paragraph 56, MARRIOTT lacks knowledge or information sufficient to
20 form a belief about the truth of the allegations contained therein, and on that ground, denies the
21 same.

22     57.    Answering Paragraph 57, MARRIOTT denies the allegations contained therein.

### Fourth Cause of Action:

### *CIVIL CODE 1942.5 et. seq.*
### *RETALIATORY EVICTION*

26     58.    Answering Paragraph 58, MARRIOTT incorporates by reference its previous answers

7

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

1 | to the allegations set forth in Paragraphs 1 through 57 as if fully set forth herein.

2 | 59. Answering Paragraph 59, MARRIOTT denies that plaintiffs offered to negotiate to rent boat slip E-37 for their live-aboard boat "on or about April, 2011." As to the remaining allegations contained in Paragraph 59, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of these allegations, and on that ground denies the same.

60. Answering Paragraph 60, MARRIOTT denies the allegations contained therein.

61. Answering Paragraph 61, MARRIOTT admits that it agreed to enter into a contract for private wharfage with STEVE LABARRE, and admits that on or about July 1, 2011, plaintiffs moved their boat to the MARRIOTT marina. MARRIOTT denies the remaining allegations contained in Paragraph 61.

62. Answering Paragraph 62, MARRIOTT denies the allegations contained therein.

63. Answering Paragraph 62, MARRIOTT denies the allegations contained therein.

64. Answering Paragraph 64, MARRIOTT denies the allegations contained therein.

65. Answering Paragraph 65, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

66. Answering Paragraph 66, MARRIOTT lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and on that ground denies the same.

67. Answering Paragraph 67, MARRIOTT denies the allegations contained therein.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Fails to State Claim)**

68. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this defendant.

///

///

8

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

## SECOND AFFIRMATIVE DEFENSE

### (Conduct Was Justified)

69. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that its conduct in regard to matters alleged in the Complaint was justified and authorized pursuant to the terms of the contract for private wharfage entered into by and between MARRIOTT and plaintiff STEVE LABARRE, that said contract was for a term of 30 days and was terminable upon appropriate notice.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

70. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs failed to bring this action within a reasonable amount of time, all to the prejudice of MARRIOTT, and as such are estopped by the doctrine of laches from now bringing any of the claims alleged.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

71. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs have failed to present a timely Complaint with respect to the damages alleged. Said failure acts as a waiver to any claim herein.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

72. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs engaged in conduct and activities with respect to the contracts, transaction(s), occurrence(s) and incident(s) which are the subject of this Complaint, and by reason of said activities and conduct, are estopped from asserting any claims for damages or seeking any other relief.

///

///

9

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

73. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs' claims are barred and/or diminished as a result of their failure to exercise reasonable care to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

74. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs' claims are barred to the extent plaintiffs failed to exhaust their administrative remedies and relief under the Fair Housing Act and the Fair Employment and Housing Act.

## EIGHTH AFFIRMATIVE DEFENSE

### (Vagueness)

75. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that all of plaintiffs' claims for relief are barred because their Complaint is vague and ambiguous, and as such, does not state facts sufficient to constitute any cause of action.

## NINTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

76. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that if plaintiffs sustained damages as a result of the events alleged, such damages, if any, were caused and contributed to by the negligence and other wrongful conduct of plaintiffs. Such negligence or other wrongful conduct by plaintiffs constitutes a bar to any recovery or, in the alternative, any recovery obtained by plaintiff should be reduced to the extent such negligence or other wrongful conduct was a cause of claimed damages.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Reasonable Care)

77. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

any and all damages sustained or suffered by plaintiffs were proximately and substantially caused and contributed to by plaintiffs' failure to exercise ordinary and reasonable care for their own safety and the safety of others.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Comparative Contribution)

78. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that should it be held liable to plaintiffs herein, it is entitled to comparative contribution from all other persons, parties and/or entities responsible for plaintiffs' injuries and/or damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

79. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that at all times relevant, plaintiffs knowingly and voluntarily assumed all risks attendant to any of the conduct complained of herein, and any and all purported damages alleged to be related thereto and legally or substantially caused thereby.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Implied Assumption of the Risk)

80. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that at all times mentioned, plaintiffs had actual knowledge of the particular dangers or outcomes complained of, that plaintiffs knew and understood the degree of and assumed such risk, that plaintiffs had the freedom to make a choice as to what action to take and a reasonable opportunity, without violating any legal or moral duty, to safely refuse to expose themselves to the claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

81. As and for a separate, distinct affirmative defense to the Complaint, MARRIOTT alleges that it is not legally responsible in any fashion for the injuries and damages claimed by

11

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

plaintiffs. However, if MARRIOTT is found to be legally responsible, then it provisionally alleges that its legal responsibility was not the sole cause of the events complained of, and that any damages awarded to plaintiffs should be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, as well as their agents, servants and employees who contributed to and/or who caused the subject events, all according to proof presented at the time of trial.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Proportional Fault)

82.  As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that if plaintiffs sustained any damages as a result of the events complained of, that such damages, if any, were caused and contributed to by the negligence or other wrongful conduct of persons whose conduct is imputed to plaintiffs and properly constitutes a bar to any recovery by plaintiffs, or in the alternative, any recovery obtained by plaintiffs should be reduced in proportion to the extent that the negligence of said other persons or parties was a cause of damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Consent)

83.  As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs consented to the acts complained of, thereby barring any recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

84.  As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs' conduct was such as to bring plaintiffs into this lawsuit with unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Misrepresentation)

85.  As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that plaintiffs misrepresented material facts when applying for private wharfage at the MARRIOTT marina. Had plaintiffs accurately represented the facts and circumstances affecting STEVE

12

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

LABARRE's Application and Maritime Contract for Private Wharfage, MARRIOTT would not have entered into the same.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Active/Passive)

86. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that the acts or omissions of plaintiffs were active, whereas the acts or omissions of MARRIOTT were passive, secondary and indirect as they relate to the causes of action alleged in the Complaint. The acts or omissions of plaintiffs were the active and primary cause of any damages sustained by plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Breach of Contract)

87. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that the plaintiffs breached obligations owed pursuant to the Application of Maritime Contract for Private Wharfage entered into by plaintiff STEVE LABARRE, and specifically, failed to maintain decorum within the MARRIOTT marina and abide by other rules applicable to marina guests.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Superseding Acts)

88. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that the causes of action alleged herein are barred by the fact that any alleged act or omission of MARRIOTT herein was superseded by the acts or omissions of others, including plaintiffs, and/or their agents and employees, which were the sole cause of any damages or loss to plaintiffs herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Non-Existent Obligation)

89. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that the Complaint includes non-existent obligations that were not contracted for and/or were outside any agreement entered into by the parties and/or outside any duty or liability owed to plaintiffs.

13

Doc#:00605961

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Contract Defenses)

90. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges any contractual duty of performance owed by MARRIOTT was excused by reason of lack of consideration, waiver, breach of condition precedent, breach by plaintiffs, impossibility of performance, frustration of purpose, accord and satisfaction, and/or acceptance by plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Communicate)

91. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that plaintiff failed to communicate all pertinent information, facts and/or conditions to MARRIOTT. As a result, plaintiffs' damages, if any, were not proximately caused by MARRIOTT.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Several Liability)

92. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that its liability for plaintiffs' non-economic (general damages), if any, is several only, and not joint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (MARRIOTT's Good Faith Conduct)

93. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that at all times mentioned herein, it acted with good faith relative to the plaintiffs and, in particular, when exercising its rights with regard to the subject claim(s) herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Damages)

94. As and for a separate affirmative defense to the Complaint, MARRIOTT denies that it committed any act or omission that proximately resulted in any of plaintiffs' claimed damages.

///
///

VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY & PERMANENT INJUNCTIVE & DECLARATORY RELIEF & STATUTORY PENALTIES -- USDC Case No. 11CV2190OEG POR

Doc#:00605961

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fails to State Facts Concerning Punitive Damages)

95. As and for a separate affirmative defense to the Complaint, MARRIOTT alleges that the plaintiffs fail to state facts sufficient to sustain a claim for or any recovery of punitive damages.

**WHEREFORE,** MARRIOTT prays for judgment as follows:

1. That plaintiffs take nothing by virtue of their Complaint;

2. That if plaintiffs are awarded damages, those damages be apportioned among all parties, persons, and entities, their agents, servants and employees whose conduct combined to contribute to the incident(s) complained of;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 29, 2011                WINGERT GREBING BRUBAKER & JUSKIE LLP

By: _s/Eric R. Deitz_
ROGER C. DYER, ESQ
ERIC R. DEITZ, ESQ.
Attorneys for MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA

Doc#:00605961

## VERIFICATION

I, Ken Guyer, declare:

I am an authorized representative of Defendant MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA, and I have read the foregoing **VERIFIED ANSWER TO COMPLAINT FOR DAMAGES; PRELIMINARY AND PERMANENT INJUNCTIVE AND DECLARATORY RELIEF AND STATUTORY PENALTIES [*CIVIL CODE* §1942.5 - RETALIATORY EVICTION; UNRUH CIVIL RIGHTS ACT; FAIR EMPLOYMENT AND HOUSING ACT AND *BUSINESS AND PROFESSIONS CODE* 17200 ET. SEQ.]** and know the contents thereof. I certify that the same are true and correct of my own knowledge, except as to those matters which are stated therein upon my information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 29, 2011, at San Diego, California.

_____
KEN GUYER,
an authorized representative of
MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, d/b/a SAN DIEGO MARRIOTT MARQUIS & MARINA